SPRINGER v. DUVEEN et al.   (No. 6022.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

BROKERS (§ 106*)—RELATION—INTERFERENCE—PURCHASE—AGREEMENT TO NO-
TIFY—BREACH.

Plaintiff, having been employed to procure a purchaser for certain tapestries on commission, gave information to defendants enabling them to gain access to the tapestries on their agreement that, if they should purchase them, either for themselves or for a customer, "either directly or through any other person or persons," they would notify plaintiff as to the circumstances of the sale and would take no action which would prejudice her right to obtain commissions. *Held*, that a complaint alleging that defendants thereafter purchased the tapestries through some person or persons unknown to plaintiff, without more, did not show any wrongful act or omission on defendants' part which would interfere with plaintiff's right to recover commissions from her employer, and, there being no allegation that he had ever refused to pay her commissions, the complaint stated no cause of action against defendants. .

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 149–153; Dec. Dig. § 106.*]

Appeal from Special Term, New York County.

Action by Charlotte Springer against Henry J. Duveen and others, doing business as Duveen Brothers. From two orders, one granting and one denying motions for judgment on the pleadings, defendants appeal. Reversed, with disbursements.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Siegfried F. Hartman, of New York City, for appellants.
Edmond E. Wise, of New York City, for respondent.

SCOTT, J. The pleadings in the case consist of a second amended complaint and a demurrer, the result of the orders appealed from being to overrule the demurrer and uphold the sufficiency of the complaint. The latter pleading, as remarked by the justice at Special Term, is "unnecessarily discursive," being in effect an expansion by immaterial allegations of a former complaint which had been held defective on demurrer.

In brief, the plaintiff alleges that she was authorized by the King of Spain to procure a purchaser for certain tapestries, being promised a commission if she succeeded. She strove to interest a possible purchaser by whom she was referred to defendants, who, as it was said, would examine and appraise the articles. She saw defendants and gave them such information and introductions as were necessary to enable them to gain access to the tapestries. She says that it was agreed that in case the defendants should purchase the said tapestries either for themselves or for a customer, "either directly or through any other person or persons," they would notify her as to the circumstances of the sale, and would take no action in the premises which would in any way prejudice her right to obtain a commission. She complains that defendants thereafter purchased the tapestries "through some

person or persons unknown to plaintiff," but this they clearly had the right to do under their agreement with plaintiff as alleged by her.

Without attempting to quote from or paraphrase this very verbose complaint, it is sufficient to say that plaintiff fails to allege any wrongful act or omission on the part of defendants which would appear to stand in the way of collecting her commission from the King of Spain, nor is it alleged that he has ever refused to pay her a commission. She may not recover as for money had and received, for it is not alleged that defendants acted as her agent in effecting the purchase, or that they had agreed to purchase only through her, or had agreed to pay her any part of the profit or commission, if any, that they realized upon the transaction. All they did was to purchase the tapestries, and this, by her own allegation, was precisely what it was contemplated they would do. We are unable to spell out of the complaint any cause of action.

The orders appealed from must be reversed, with $10 costs and disbursements as to each. Defendants' motion for judgment must be granted, with $10 costs, and plaintiff's motion denied, with $10 costs, with leave to plaintiff upon payment of the aforesaid costs to serve an amended complaint within 20 days. All concur.

---

(163 App. Div. 50)

HOFFMAN et al. v. DELAWARE & H. CO.   (No. 173–87.)

(Supreme Court, Appellate Division, Third Department. July 1, 1914.)

LIMITATION OF ACTIONS (§ 105*)—SUSPENSION OF LIMITATION BY LEGAL PROCEEDINGS.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 514, 515; Dec. Dig. § 105.*]

Lyon, J., dissenting.

Appeal from Trial Term, Saratoga County.