### SPRINGER v. DUVEEN et al.

(Supreme Court, Appellate Division, First Department. May 5, 1916.)

APPEAL AND ERROR ⬅1099(6)—LAW OF THE CASE—PLEADING.

A judgment on a former appeal, finding the complaint insufficient, is the law of the case and conclusive against an amended complaint, without substantial difference and exhibiting only slight changes in the verbiage.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4375; Dec. Dig. ⬅1099(6).]

Appeal from Special Term, New York County.

Action by Charlotte Springer against Henry J. Duveen and others. From orders overruling defendant's demurrer to the first cause of action, and denying motion for judgment upon said cause and the demurrer thereto, defendants appealed. Reversed, demurrer sustained, and motion for judgment granted.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

Siegfried F. Hartman, of New York City, for appellants.
Joseph I. Green, of New York City, for respondent.

SCOTT, J.   The two orders appealed from involve the same question, to wit, the sufficiency of the first cause of action stated in the complaint, and for convenience have been argued and will be considered together.

We have examined the cause of action demurred to, and have carefully compared it with the complaint as to which a demurrer was sustained by this court on a former appeal (164 App. Div. 878, 148 N. Y. Supp. 508), and are unable to find any substantial difference between them, or any difference at all, except slight changes in the matter of verbiage.   Upon the authority of our former decision, therefore, the cause of action demurred to is insufficient in law.

It follows that, in so far as appealed from, each order must be reversed, with $10 costs and disbursements, and the demurrer to the first cause of action sustained, and the motion for judgment upon said cause of action granted, with $10 costs.   Inasmuch as this is plaintiff's third attempt to frame a sufficient complaint, no leave to further amend will be granted.   Orders filed.   All concur.